# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| PETER R. CLIFFORD, | ) |
| PLAINTIFF | ) ) ) |
| v. | ) ) CIVIL NO. 1:14-CV-275-DBH ) |
| CAROLYN W. COLVIN, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) ) |
| DEFENDANT | ) ) |

## DECISION AND ORDER ON PLAINTIFF'S MOTION
## FOR TEMPORARY RESTRAINING ORDER

### BACKGROUND

The plaintiff is a nonlawyer who used to work for the Social Security Administration ("SSA"), then left that employment because of disability, and now represents applicants seeking benefits from the SSA. Aff. of Peter Clifford ¶¶ 1-3 (ECF No. 1-2). The SSA has initiated proceedings to sanction him because, it says, he has tried to collect and threatened to collect fees above those authorized by the SSA. He denies the accusations.

After a hearing, an Administrative Law Judge ("ALJ") on May 28, 2014, ordered that the plaintiff be disqualified from representing claimants. Clifford Aff. ¶ 12; Decision of ALJ (ECF Nos. 1-5 through 1-9). The plaintiff appealed the decision. Compl. ¶ 15 (ECF No. 1). He is permitted to continue to represent claimants before the SSA until his appeal is decided.

After the ALJ's decision, the plaintiff filed this Freedom of Information Act (FOIA) lawsuit on July 9, 2014, seeking the entire investigative file of the SSA's Office of Inspector General concerning him (Count I),[1] and asking this court to enjoin the SSA from proceeding against him until he obtains the file and reacts to its contents (Count II). He apparently has no idea what might be in the file and says only that it "*may* contain information, not previously known or disclosed to me, that is relevant to my potential meritorious defenses in the ongoing sanction proceedings against me." Clifford Aff. ¶ 13 (emphasis added).[2] (He had made an earlier FOIA administrative request for the file in June of 2013 but did not pursue the matter in court until the adverse ALJ ruling. Clifford Aff. ¶ 4).

When the Appeals Council hearing of his appeal became imminent,[3] on October 22, 2014, the plaintiff requested a temporary restraining order ("TRO") to enjoin that hearing and prevent the SSA from taking any further action until this court resolves his FOIA claim.

---

[1] His Complaint says that he is "seeking access to the investigation file of Social Security Administration's Office of the Inspector General ("OIG") pertaining to Plaintiff's alleged violations involving representative fees and conduct relating to Social Security disability claimant clients," Compl. ¶ 6, and that "the requested information 'concerns an ongoing investigation.'" Id. ¶ 18.
[2] In his memorandum in support of the motion he says that "has been denied the opportunity to obtain or present information in his defense in the representative sanction proceeding that would *potentially* be available through his asserted FOIA claim." Pl.'s Mem. in Support of TRO at 2 (ECF No. 24-1) (emphasis added). In his Affidavit, he says that he "believe[s]" that the file "*may* contain information, not previously known or disclosed to me, that is relevant to my potential meritorious defenses." Clifford Aff. ¶ 13 (emphasis added).
[3] It was originally scheduled for Wednesday, November 5, 2014, but by agreement of the parties has been pushed back one week to allow time for this ruling.

2

The parties agree that no evidentiary hearing is needed on the TRO and have not requested oral argument. After considering their written arguments, I **DENY** the motion for TRO.

**ANALYSIS**

The standards for issuing a TRO are clear: "(1) the movant's likelihood of success on the merits; (2) whether and to what extent the movant would suffer irreparable harm if the request were rejected; (3) the balance of hardships between the parties; and (4) any effect that the injunction or its denial would have on the public interest." Diaz-Carrasquillo v. Garcia-Padilla, 750 F.3d 7, 10 (1st Cir. 2014) (citing Corporate Technologies, Inc. v. Harnett, 731 F.3d 6, 9 (1st Cir. 2013)).

Likelihood of success on the merits is always the most important. Diaz-Carrasquillo, 750 F.3d at 10. The question here is the plaintiff's likelihood of success on his Count II request for injunctive relief against the SSA to halt the sanction proceedings against him until he receives the investigative file. The Supreme Court has made clear that in a FOIA case like this, a district court retains its inherent equity powers to award an injunction. The Regnegotiation Bd. v. Bannercraft Clothing Co., 415 U.S. 1, 20 (1974).[4] But in Bannercraft, the Court concluded that issuing an injunction to halt Renegotiation Board

---

[4] I therefore find unpersuasive the SSA's argument that this court lacks jurisdiction. Although there may be no jurisdiction over any ultimate sanction decision by the SSA in the absence of a colorable constitutional claim, see, e.g., Ezell v. Bowen, 849 F.2d 844, 846 (4th Cir. 1988); Stanley v. Barnhart, 475 F. Supp. 2d 813, 816-17 (E.D. Ark. 2007); Jones v. Sullivan, 793 F. Supp. 5, 5-6 (D.D.C. 1992), Bannercraft makes clear that equity jurisdiction exists in this FOIA case; the question is whether to exercise it. 415 U.S. at 20.

proceedings while the district court determined the merits of a FOIA complaint would be improper because such an injunction would supplant the aims of renegotiation. Id. at 20-23. The Court did not make a blanket ruling on the appropriateness of an injunction to delay agency proceedings while a FOIA lawsuit was pending. Instead, it declined to "decide . . . whether, or under what circumstances, it would be proper for the district court to exercise jurisdiction to enjoin agency action pending the resolution of an asserted FOIA claim." Id. at 20. Following Bannercraft, the First Circuit has said that "injunctions of this nature are not to be entered routinely," and that "FOIA was not enacted to provide litigants with an additional discovery tool."[5] Columbia Packing Co., Inc. v. U.S. Dep't. of Agric., 563 F.2d 495, 501, 500 (1st Cir. 1977). In order to justify enjoining agency proceedings, "it must ordinarily be demonstrated, at least, that without access during the proceeding to the information sought, the litigant faces a probability of very serious, specific injury which cannot be averted by any of the administrative remedies available in the course of the proceeding." Id. at 500. But "the very serious step of enjoining an agency proceeding should not be taken merely because the maximum degree of disclosure permitted by the FOIA has not been ordered in time for possible use in that ongoing agency proceeding." Id. The First Circuit was skeptical of an argument where the link to such a "dire result" was "solely by speculation and conjecture." Id. at 501. Judge Carter of

---

[5] "[I]t is settled that the disclosure provisions of FOIA are not a substitute for discovery and a party's asserted need for documents in connection with litigation will not affect, one way or the other, a determination of whether disclosure is warranted under FOIA." Columbia Packing, 563 F.2d at 499.

4

this District was likewise skeptical of an argument where the only injury to the plaintiff was the inability to use the documents in a pending lawsuit. Maine v. Dep't of Interior, 2001 WL 98373 at *3 (D. Me. Feb. 5, 2001).[6]

I conclude that the plaintiff has failed to surmount the likelihood of success hurdle. The plaintiff has no idea whether there are any documents responsive to his FOIA request, let alone any that might assist his defense against disqualification. This is solely a fishing expedition on his part, in the hope that it "may" turn up something helpful to his defense against disqualification. Clifford Aff. ¶ 13. This *hope* that the file might turn up something to help him resist disqualification exists "solely by speculation and conjecture," Columbia Packing, 563 F.2d at 501, and he has not shown any connection between his access to the investigative file and the outcome of the sanction proceedings against him. This FOIA lawsuit is not about the adequacy of the procedures by which the SSA sanctions those who represent claimants before it. Instead, the Freedom of Information "Act is fundamentally designed to inform the public about agency action and not to benefit private litigants." Id. at 499 (quoting NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 143 n. 10 (1975)). I find that the plaintiff has a low likelihood of success on his Count II seeking to enjoin the SSA from proceeding against him while the FOIA lawsuit is pending.[7]

---

[6] The issue came up in a different procedural context in that case. The Department of the Interior asked Judge Carter to stay his FOIA disclosure order while it appealed his ruling, and the question was whether the plaintiff showed injury that would result from such a stay.

[7] This issue is distinct from whether his FOIA claim has merit. I note that the SSA has failed to address the plaintiff's argument that it cannot claim a blanket exemption under Exception 7(A), but must demonstrate "that the production of such law enforcement records or information could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). There

5

On irreparable injury, I do not know whether the Appeals Council will accept or reject the arguments that the plaintiff has made about the insufficiency of the evidence against him and the asserted failure to present the adverse witnesses against him. Resp't's Br. (ECF No. 24-4). If the Appeals Council does affirm the plaintiff's disqualification from representing claimants, he will lose his client base and it certainly will be difficult for him to regain the confidence of clients and resume his practice if ultimately he is exonerated. I conclude therefore that he satisfies the irreparable injury requirement.

As for the balance of harms, they are strong on both sides. If the plaintiff has been wrongly accused, then his livelihood is improperly impaired by the SSA action. But the SSA has a strong interest in insuring that there is no question about the integrity and compliance of advocates who appear before it, and any delay of its decision-making process impairs that interest.

The public interest here is also an important factor cutting against the plaintiff's request for a TRO. There is an important public interest in the integrity of Social Security Administration proceedings and of the advocates who represent applicants before it. Delaying the SSA decision on such an issue and permitting someone to continue representing claimants—during an attempt in a

---

seems to be abundant caselaw to support the plaintiff's contention. See, e.g., N.L.R.B. v. Robbins Tire & Rubber Co., 437 U.S. 214, 222, 235 (1978) (permitting generic, not blanket exemptions); Curran v. Dep't of Justice, 813 F.2d 473, 475 (1st Cir. 1987) ("there must nevertheless be some minimally sufficient showing" and "withholdings should be justified 'category-of-document by category-of-document . . . not . . . file-by-file'"); New England Med. Ctr. Hosp. v. N.L.R.B., 548 F.2d 377, 382 (1st Cir. 1976); Miller v. U.S. Dep't of Agric., 13 F.3d 260, 263 (8th Cir. 1993); Grasso v. I.R.S., 785 F.2d 70, 76-77 (3rd Cir. 1986); North v. Walsh, 881 F.2d 1088, 1097 (D.C. Cir. 1989); Crocker v. Bureau of Alcohol, Tobacco & Firearms, 789 F.2d 64, 66-67 (D.C. Cir. 1986).

separate FOIA lawsuit to acquire unspecified documents that may do nothing to help his case—thwart that public interest.

Considering all these factors, I conclude that because of the plaintiff's slim likelihood of success in obtaining an injunction to delay the SSA proceedings and the strong public interest in avoiding delay in its sanction proceedings, I should not enter a temporary restraining order that would delay the SSA in disciplining the advocates who appear before it while this court determines the FOIA claim in this case.

**SO ORDERED.**

**DATED THIS 6TH DAY OF NOVEMBER, 2014**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**