**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | |
|---|---|
| PETER R. CLIFFORD, <br><br> PLAINTIFF <br><br> v. <br><br> CAROLYN W. COLVIN, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, <br><br> DEFENDANT | CIVIL NO. 1:14-CV-275-DBH |

**DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT**

The Social Security Administration's ("SSA") motion for summary judgment on this Freedom of Information Act ("FOIA") complaint is **DENIED**.[1] Contrary to the SSA's argument, the fact that the plaintiff seeks access to SSA records for his own litigation purposes does not void his right of access under FOIA ("a party's asserted need for documents in connection with litigation will not affect, one way or the other, a determination of whether disclosure is warranted under FOIA." Columbia Packing Co., Inc. v. U.S. Dep't. of Agric., 563 F.2d 495, 499 (1st Cir. 1977)).

Likewise, the fact that the plaintiff sought a seal or redaction of this FOIA lawsuit because of his reputational concerns in the SSA sanctions proceeding against him does not make these documents exempt from disclosure. In fact,

---

[1] In light of the outcome, I overlook the parties' failure to comply with Local Rule 56(h) concerning a notice of intent to file a motion for summary judgment and a conference of counsel.

with the filing of my ruling on the motion for temporary restraining order ("TRO"), the sealing and redaction were lifted. Decision and Order on Pl.'s Mot. for TRO (ECF No. 37); Order Vacating Orders to Seal (ECF No. 36).

The FOIA exemption on which the SSA relies, 7(A), exempts from disclosure: "records or information compiled for law enforcement purposes, *but only to the extent that the production of such law enforcement records or information could reasonably be expected to interfere with enforcement proceedings.*" 5 U.S.C. § 552(b)(7)(A) (emphasis added). The plaintiff agrees that what he seeks are investigative records, Complaint ¶ 18, but that is only the first part of what is required to support an agency's refusal to disclose. The SSA has totally failed to articulate any basis on which the second part—that disclosure of the records "could reasonably be expected to interfere with enforcement proceedings"—is satisfied. The cases are clear that a blanket exemption may not be claimed and that while generic categories of documents can be claimed as exempt, "there must nevertheless be some minimally sufficient showing," and "withholdings should be justified 'category-of-document by category-of-document . . . not . . . file-by-file.'" Curran v. Dep't of Justice, 813 F.2d 473, 475 (1st Cir. 1987). "[T]he classification should be clear enough to permit a court to ascertain 'how each . . . category of documents, if disclosed, would interfere with the investigation." Id. (quoting Campbell v. Dep't of Health & Human Servs., 682 F.2d 256, 265 (D.C. Cir. 1982)). The SSA has wholly failed to meet that standard at this stage of the litigation.[2]

---

[2] The SSA mentions in passing that the documents have been properly withheld under the Privacy Act. This argument lacks any development. "Rather than guessing at what these

2

The SSA's motion to dismiss Count II, however, is **GRANTED**. That is the count that asks for injunctive relief to prevent the SSA from proceeding with its sanctions proceeding against the plaintiff until this FOIA lawsuit is resolved. In the First Circuit, injunctive relief may issue if the plaintiff prevails on the merits, the plaintiff would suffer irreparable injury without the injunction, the harm to the plaintiff outweighs the harm to the defendant, and the public interest would not be adversely affected. Joyce v. Town of Dennis, 720 F.3d 12, 25 (1st Cir. 2013) (citing Asociación de Educación Privada de P.R., Inc. v. García–Padilla, 490 F.3d 1, 8 (1st Cir. 2007)). I explained in my ruling on the request for a TRO why the plaintiff cannot succeed on his request to enjoin the SSA from pursuing the sanctions proceeding against him. He has not shown any connection between his access to the investigative file and the outcome of the sanction proceedings against him. In addition, the public interest weighs in favor of avoiding delay in the SSA sanction proceedings. I conclude, therefore, that injunctive relief is not available to prevent the SSA from proceeding with its sanctions proceeding despite the fact that the plaintiff may ultimately acquire documents in this FOIA lawsuit.

**SO ORDERED.**

**DATED THIS 6TH DAY OF NOVEMBER, 2014**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

arguments may or may not portend, we fall back upon the prudential rule that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" Marek v. Rhode Island, 702 F.3d 650, 655 (1st Cir. 2012) (quoting United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)).

3