UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| PETER R. CLIFFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:14-cv-00275-DBH |
| | ) |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

### RECOMMENDED DECISION[1]

In this action, Plaintiff Peter R. Clifford asserts that Defendant violated the Freedom of Information Act (FOIA), 5 U.S.C. § 552, when the Social Security Administration (SSA) failed to respond properly to Plaintiff's request for the SSA's Office of Inspector General's (OIG) investigative file generated in connection with the "representative sanction action" that Defendant pursued administratively against Plaintiff.

The matter is before the Court on Defendant's Renewed Motion to Dismiss (ECF No. 62).[2] Through the motion, Defendant asserts that Plaintiff's FOIA claim is moot as the result of Defendant's partial production of the OIG's investigative file. As part of its production, Defendant asserts, for the first time, additional exemptions to support the withholding or redaction of multiple documents in the file. According to Defendant, Plaintiff must first exhaust administratively any

---

[1] The Court referred the matter for report and recommended decision.

[2] On November 6, 2014, the Court granted Defendant's motion to dismiss Plaintiff's claim requesting an order that would prevent Defendant from proceeding with the sanctions proceeding (Count II), but denied Defendant's motion for summary judgment on the FOIA claim (Count I). (ECF No. 38.) In January 2015, Defendant filed a first motion to dismiss as moot, based on the anticipated disclosure of the investigative file. (ECF No. 51/52.) Based on a later determination that she would make only a partial production of the investigative file, on April 8, 2015, Defendant voluntarily withdrew the first motion to dismiss, and in accordance with the Court's contemporaneous order, Defendant filed a renewed motion to dismiss. (ECF Nos. 60, 62.)

challenges that he might have to Defendant's reliance on the newly identified exemptions as bases for Defendant's refusal to produce all of the documents in the file.

As explained below, following a review of the pleadings, and after consideration of the parties' arguments, I recommend that the Court deny Defendant's motion.

## BACKGROUND

On August 2, 2013, citing an exemption for the production of documents that "could reasonably be expected to interfere with enforcement proceedings," 5 U.S.C. § 522(b)(7)(A), Defendant denied Plaintiff's request for the production of the OIG investigative file. (Complaint ¶ 7.) Plaintiff appealed from that determination administratively, and subsequently exhausted the administrative process. (*Id.* ¶ 10.)

On July 9, 2014, Plaintiff filed this action to obtain judicial review and injunctive relief pursuant to FOIA section 522(a)(4)(B). Plaintiff asserts that he sought "access to the investigative file" (*Id.* ¶ 6); and that he "exhausted his administrative remedies" (*Id.* ¶ 10). For relief, Plaintiff requested, *inter alia*, "that Defendant be enjoined from withholding agency records and ordered to produce any agency records improperly withheld pursuant to the Freedom of Information Act." (*Id.* ¶ 28.)

Meanwhile, the underlying representative sanction case proceeded in the administrative forum. On May 28, 2014, an administrative law judge issued a decision that disqualified Plaintiff from representing claimants before the SSA. (*Id.* ¶ 14.) When Plaintiff filed suit in this Court, his administrative appeal from the disqualification sanction was pending before the SSA's Appeals Council. (*Id.* ¶ 15.)

On November 17, 2014, the parties filed with the Court a stipulation regarding the "facts and issues for this Court's consideration." (ECF No. 43.) The sole legal issue identified in the

stipulation was the following: "Whether the requested records are exempt from disclosure pursuant to FOIA Exemption 7(A)." (*Id.* at 3.) During the pendency of this action, however, Defendant introduced new challenges to Plaintiff's FOIA request.

On January 9, 2015, the OIG informed Defendant that it had closed its investigation on June 19, 2014, and that Defendant had the OIG investigative file. (Declaration of Mary Ann Zimmerman, ECF No. 62-1, ¶¶ 11, 13 – 14.) Defendant no longer relies on the section (b)(7)(A) exemption, and has made a partial production of documents to Plaintiff. In the recent production of the OIG investigative file, however, Defendant asserted, for the first time, additional exemptions (exemptions 5, 6, 7(C), and 7(E)) in support of its decision to withhold or redact approximately 130 pages of the 173-page file. (March 13, 2015, Letter of Mary Ann Zimmerman to Attorney Riley Fenner, ECF No. 62-2.)

## DISCUSSION

Defendant argues that this case is moot because Defendant no longer seeks to rely on exemption (b)(7)(A), and because Plaintiff has not exhausted his administrative challenges to Defendant's recent assertion of additional exemptions. (Motion to Dismiss at 4 – 7, ECF No. 62.) According to Defendant, the SSA's abandonment of the (b)(7)(A) exemption resolves the sole issue raised in Plaintiff's complaint. (*Id.*)

In response, Plaintiff argues that he still seeks FOIA-based relief regarding the same documents that are the subject of his request (*i.e.*, an order that Defendant turn over the OIG investigative file), and that he should not have to endure another round of administrative proceedings simply because Defendant has adopted new exemptions upon which to base the denial of his earlier request. (Response at 2, ECF No. 63.)

Preliminarily, Defendant's contention that Plaintiff's position, as reflected in the Court's April 8, 2015, Report of Telephone Conference and Order, requires dismissal is unconvincing. In the Order, the Court noted, "[g]iven that Defendant has produced the investigative file, the parties agree that the specific substantive issues generated by Plaintiff's Complaint are moot." (Order at 2, ECF No. 60.)  In essence, Defendant argues that because Plaintiff agreed that the issues are moot, the case must be dismissed. In the Order, however, the Court also wrote, "[t]he issue is whether Plaintiff can challenge in this action, perhaps through an amended complaint, Defendant's recently-asserted exemptions without first seeking relief administratively." *Id*. In context, the Court's order merely framed the issue that is the subject of the pending motion – whether upon Defendant's withdrawal of its objection to the production of the OIG investigative file based on exemption (b)(7)(A), Defendant can assert new exemptions and require Plaintiff to seek administrative relief before proceeding in this Court. In other words, in the Order, the Court acknowledged the parties' agreement that exemption (b)(7)(A) was no longer an issue in the case. The Court's order also recognized that the parties did not agree that the case, in which Plaintiff requests the production of the entire OIG investigative file, should be dismissed as moot.

Pursuant to FOIA, "[e]ach agency, upon any request for records made under paragraph (1), (2), or (3) of this subsection, shall … determine within 20 days … whether to comply … and shall immediately notify the person making such request of such determination *and the reasons therefor* …." 5 U.S.C. § 552(a)(6)(A) (emphasis added). "An agency usually has 20 working days to make a 'determination' with adequate specificity, such that any withholding can be appealed administratively." *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 189 (D.C. Cir. 2013) (citing 5 U.S.C. § 552(a)(6)(A)(i)). When it fails to do so, "the

'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court." *Id.*

Similarly, under the "constructive-exhaustion doctrine," a plaintiff is excused from exhausting administrative remedies prior to seeking judicial review if the agency does not respond to a perfected FOIA request within the statutory twenty-day time limit. *Flaherty v. President of U.S.*, 796 F. Supp. 2d 201, 208 (D.D.C. 2011) *aff'd sub nom. Flaherty v. I.R.S.*, 468 Fed. App'x 8 (D.C. Cir. 2012). "Once constructive exhaustion occurs, any available administrative appeal— *i.e.*, actual exhaustion—becomes permissive in the sense in which the term is used here; the requester may pursue it, but his failure to do so does not bar a lawsuit." *Spannaus v. United States Dep't of Justice,* 824 F.2d 52, 58 (D.C. Cir. 1987) (citing 5 U.S.C. § 552(a)(6)(C)).

Under FOIA, therefore, exhaustion of administrative remedies is a prudential doctrine rather than a jurisdictional doctrine. *Hidalgo v. F.B.I.*, 344 F.3d 1256, 1258 (D.C. Cir. 2003). "[A]s a jurisprudential doctrine, failure to exhaust precludes judicial review if the purposes of exhaustion and the particular administrative scheme support such a bar." *Id.* at 1258 – 59. The purposes of exhaustion are to permit the agency "to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Id.* at 1258.

Here, Defendant cites no legitimate reason for SSA's failure to assert the additional exemptions for more than a year after the SSA refused to produce the OIG investigative file based on the (b)(7)(A) exemption. The nature of Plaintiff's request did not change, and the record lacks any evidence to suggest that the bases for the new exemptions were not available to Defendant at the time of its initial response to Plaintiff's request.[3] In fact, while Defendant had the ability to

---

[3] Defendant's attempt to characterize Plaintiff's lawsuit as a new request must fail. Despite the fact that Plaintiff filed the lawsuit in July 2014, Defendant did not inform Plaintiff of its intent to withhold documents based on other exemptions until on or about March 13, 2015. (ECF No. 62-2). Defendant, therefore, did not respond to the "new request" within 20 days as required by 5 U.S.C. § 552(a)(6)(A). Exhaustion thus becomes permissive. *Spannaus*, 824

...

assert additional exemptions as part of the administrative appeal process, Defendant did not do so. If Defendant had asserted the exemptions as part of the administrative process, the purposes of the exhaustion doctrine could have been satisfied. Under the circumstances, to require Plaintiff to seek an administrative review of the recently-asserted exemptions before seeking relief from this Court would in essence permit a governmental agency multiple opportunities to respond to the same FOIA request, and on each occasion require that a party who is denied access to information proceed through the administrative process even if the party's challenge to the agency's earlier denials regarding the same information is pending before a court. Such a result would be inconsistent with the purposes of FOIA, inconsistent with the principles of judicial economy, and could unreasonably increase the time and cost associated with routine FOIA requests.[4]

In sum, while Defendant can assert new exemptions in this Court,[5] because the exemptions relate to the same documents that are the subject of this action, Defendant's assertion of the new exemptions should not require Plaintiff to return to the administrative process to address the new exemptions. Accordingly, Defendant's motion should be denied.

---

F.2d at 58 (citing 5 U.S.C. § 552(a)(6)(C)). For the reasons explained herein, under the circumstances of this case, Plaintiff should not be required to proceed administratively.

[4] Such a result would also be inconsistent with the doctrine of mootness. "A claim of less than full disclosure cannot be mooted simply by providing a response, for in that case a court must still address plaintiff's claim that he should have received additional documents." *Dimodica v. U.S. Dep't of Justice*, No. 1:2005-cv-02165, 2006 WL 89947, at *4 (S.D.N.Y. Jan. 11, 2006). *See also Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 689 (9th Cir. 2012) ("To moot a FOIA claim … the agency's production must give the plaintiff everything to which he is entitled. Otherwise, there remains some 'effective relief' that can be provided the plaintiff, and the case is not moot.").

[5] Defendant "may assert new exemptions at the federal district court level … not previously asserted at the administrative level, even if the circumstances have not changed in the interim." *Gula v. Meese*, 699 F. Supp. 956, 959 n.2 (D.D.C. 1988). While it does not appear that the issue was presented, the *Gula* court did not suggest that an additional administrative proceeding is necessary each time a governmental entity asserts a new exemption.

**CONCLUSION**

Based on the foregoing analysis, I recommend that the Court deny Defendant's Renewed Motion to Dismiss (ECF No. 62).

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of July, 2015