UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| PETER R. CLIFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14-cv-00275-DBH |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTATION COMMISSIONER, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION ON PETITION FOR ATTORNEY FEES**

Plaintiff Peter Clifford seeks to recover attorney fees and expenses pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, following the Court's entry of judgment on Plaintiff's voluntary motion to dismiss. Plaintiff specifically requests an award of $11,233.42, including costs. (Pl.'s Petition for Attorney Fees, ECF No. 87.) Defendant contends Plaintiff's petition was not filed timely, and that Plaintiff has failed to satisfy the standards that govern FOIA and EAJA fee-shifting awards. (Def.'s Response in Opposition, ECF No. 88.)

I recommend the Court grant the petition in part.

BACKGROUND

Plaintiff has worked in a self-employed capacity as a representative of claimants in matters before the Social Security Administration (hereinafter Defendant). In 2013 and 2014, Defendant conducted an investigation and charged Plaintiff with violations of standards governing the representation of social security claimants. On June 3, 2013, Plaintiff presented Defendant with a FOIA request for production of the investigative file regarding the charges. Citing exemption 7(A)

of FOIA,[1] Defendant denied Plaintiff's request in August 2013, and denied his subsequent administrative FOIA appeal in November 2013.  (Complaint ¶¶ 4 – 9.)

On February 12, 2014, Plaintiff received notice of Defendant's intent to pursue sanctions against him for the asserted violations.  On May 28, 2014, following a hearing, an administrative law judge determined Plaintiff should be sanctioned and disqualified as a representative of social security claimants. (Decision of Hearing Officer on Representative Sanctioning, ECF No. 1–4.)

On July 9, 2014, Plaintiff filed this FOIA action to challenge Defendant's denial of his request for the investigative file.  When Plaintiff filed this action, the matter of Plaintiff's disqualification was still pending before the Appeals Council.  (Complaint ¶¶ 11 – 15, ECF No. 1.)  In his complaint, Plaintiff alleged that the mere pendency of a law enforcement investigation was an insufficient basis for Defendant to assert FOIA exemption 7(A).  (*Id.* ¶ 19.)

In a summary judgment motion, Defendant argued that Plaintiff could not proceed with a FOIA claim where the claim was designed to support his defense to the representative sanction proceedings.  (ECF No. 20.)  The Court denied the motion concluding that the purpose of a FOIA action is immaterial to a person's right of access to requested records, and that Defendant "totally failed to articulate any basis on which" the Court could assess the merits of Defendant's assertion of exemption 7(A).  (Decision and Order on Defendant's Mot. to Dismiss and Mot. for Summary J. at 1 – 2, ECF No. 38.)

On October 22, 2014, Plaintiff filed a motion for temporary restraining order, through which motion Plaintiff sought to enjoin Defendant from proceeding with the representative

---

[1] Exemption 7(A) applies to "records or information compiled for law enforcement purposes" where the "records of information (A) could reasonably be expected to interfere with enforcement proceedings."  5 U.S.C. § 552(b)(7)(A).

sanction case.[2]  (ECF No. 24.)  In support of his motion, Plaintiff maintained that he was "denied the opportunity to obtain or present information in his defense in the representative sanction proceeding that would potentially be available through his asserted FOIA claim."  (Pl.'s Mem. in Support of TRO at 2, ECF No. 24–1.)  Similarly, in an affidavit filed in support of his complaint, Plaintiff asserted that he believed the file "may contain information … relevant to [his] potentially meritorious defenses."  (Pl.'s Affidavit ¶ 13, ECF No. 1–2.)  The Court concluded that Plaintiff's mere suspicion that the file contained useful information was insufficient to demonstrate a likelihood of success on the merits, and thus denied Plaintiff's TRO motion.[3]  (Decision and Order on Pl.'s Motion for TRO at 4, ECF No. 37.)

Following the Court's rulings, the parties agreed that the FOIA claim in Count I could be resolved based on a stipulated record and written argument.  (Report of Tel. Conf. and Order, ECF No. 41.)  In its initial brief filed on January 16, 2015, however, Defendant reported that it "recently learned that [the] investigation into Plaintiff was officially closed on June 19, 2014."[4]  (Defendant's Brief and Request that this Case Be Dismissed as Moot at 3, ECF No. 51.)  Defendant argued that the action was moot because Defendant intended to disclose additional materials from the investigative file given that the investigation had closed.  (*Id.*)  Defendant also maintained that while Defendant would continue to withhold certain documents based on other FOIA exemptions, Plaintiff would have to file and exhaust new administrative FOIA proceedings before he could assert a civil action challenging Defendant's decision to withhold certain documents.  (*Id.* at 3 –

---

[2] Plaintiff has not requested in his fee petition any fee-shifting award for attorney time expended on his pursuit of a TRO.

[3] The Court cited as persuasive authority *Columbia Packing Co., Inc. v. U.S. Department of Agriculture*, 563 F.2d 495, 499 (1st Cir. 1977) ("[FOIA] is fundamentally designed to inform the public about agency action and not to benefit private litigants." (quoting *N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 144 n.10 (1975)).

[4] Defendant asserted that the investigative file was maintained by the Office of the Inspector General, which explained why Defendant would obtain knowledge regarding the status of the investigation months after it closed.

4; *see also* Declaration of Mary Ann Zimmerman, ECF No. 51–1.) Defendant thus argued that Plaintiff could not seek relief from the Court in this action if Plaintiff objected to Defendant's reliance on other exemptions to continue to withhold some of the documents.

Defendant subsequently provided Plaintiff with a supplemental production of documents in the investigative file, and the parties agreed that the specific substantive issue of whether Defendant properly relied on exemption 7(A) was moot. The unresolved issue was whether Plaintiff could amend his complaint to challenge Defendant's newly-asserted exemptions or whether Plaintiff would have to exhaust any available administrative remedies regarding the exemptions before he could seek judicial review of Defendant's assertion of the additional exemptions. (Report of Tel. Conf. and Order at 2, ECF No. 60.) The Court established a schedule by which the parties would address the unresolved issue. (*Id.*)

In accordance with the Court's schedule, on April 23, 2015, Defendant filed a renewed motion to dismiss. (Renewed Motion to Dismiss as Moot, ECF No. 62.) Between April and August 2015, Plaintiff exhausted the available administrative remedies related to Defendant's assertion of additional FOIA exemptions for the remaining documents in the investigative file, but did not obtain any additional documents. The Court denied Defendant's renewed motion to dismiss. (ECF No. 66.)

On August 17, 2015, the Court ordered Defendant to produce a log identifying the withheld documents. (Report of Tel. Conf. and Order, ECF No. 70.) After the Court established a schedule by which the parties would submit written argument as to whether Plaintiff was entitled to obtain the remaining withheld documents, Plaintiff filed a motion to dismiss the action based on Defendants' production of additional documents. (ECF No. 84.) The Court granted the motion (ECF No. 85), and entered final judgment in the case on November 12, 2016. (ECF No. 86.)

On February 10, 2016, Plaintiff filed his petition for attorney fees. (Pl.'s Petition for Attorney's Fees, ECF No. 87.) Defendant opposes Plaintiff's request. (ECF No. 88.)

DISCUSSION

Plaintiff argues that he is entitled to an award of attorney fees under both FOIA and the EAJA. Defendant contends Plaintiff's request is time-barred, and that Plaintiff cannot satisfy the applicable standards for the recovery of fees.

**A.    Timeliness**

Local Rule 54.2 provides in pertinent part: "An application for attorneys' fees in which no notice of appeal to the Court of Appeals has been filed shall be filed within 30 days of the expiration of the time for filing a timely appeal." Defendant argues that because judgment was entered based on the Plaintiff's unopposed motion to dismiss, Plaintiff waived his right to appeal from the judgment.[5] Defendant, therefore, maintains that the time for the filing of the fee petition should not include the appeal period. Defendant contends that because Plaintiff filed the fee petition more than 30 days after the entry of judgment, Plaintiff is foreclosed from recovering any fees. Defendants' argument is unpersuasive.

Defendant does not suggest that Plaintiff failed to meet the deadline contemplated by the plain language of the Local Rule.[6] Instead, Defendant essentially asks the Court to disregard the appeal period referenced in the Local Rule when judgment is entered on an unopposed or consented to dispositive motion.

---

[5] In support of is argument that a party cannot appeal from a judgment to which it consented, Defendant cites *Scanlon v. M.V. SUPER SERVANT 3*, 429 F.3d 6, 8 (1st Cir. 2005); *Cashmere & Camel Hair Mfrs. Inst. v. Saks Fifth Ave.*, 284 F.3d 302, 308 (1st Cir. 2002); *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 828 (1st Cir. 1997).

[6] Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B)(ii), when one of the parties is an agency of the United States, a party must file a notice of appeal within 60 days after entry of judgment. Because judgment entered on November 12, 2015, the appeal period would have expired on January 11, 2016. The 30-day fee petition filing deadline would have expired on February 10, 2016, the date on which Plaintiff filed his petition.

First, such an approach, particularly without prior notice, would be fundamentally unfair as a party would be unable to rely on the plain language of the Local Rule.[7]   In addition, Defendant's proposed application of the Local Rule would require litigants to assess whether they had waived their right to appeal from all of a court's rulings to determine the deadline for the filing of a fee petition.   Although a party generally waives the right to appeal from a consent judgment, the First Circuit recognizes an exception for prior rulings on contested matters for which the party "unequivocally" reserved the right of appeal.   *Scanlon v. M.V. SUPER SERVANT 3*, 429 F.3d 6, 8 (1st Cir. 2005) (citing *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers*, 132 F.3d 824, 828 (1st Cir. 1997)).   The potential for an appeal even when judgment is entered by agreement underscores the need to adhere to the plain language of the Rule. That is, to avoid uncertainty as to whether the appeal period is included within the fee petition filing deadline in any particular case, and to assure the consistent application of Local Rule 54.2 to all cases, the Rule should be applied in accordance with its plain language.   The plain language includes the appeal period within the fee petition filing deadline.   Accordingly, Plaintiff timely filed his petition.[8]

## B.   Fees under FOIA

"Under FOIA, a court may 'assess against the United States reasonable attorney fees' in any case 'in which the complainant has substantially prevailed.'"   *Moffat v. U.S. Dep't of Justice*,

---

[7] The importance of prior notice of a rule change is evident in Federal Rule of Civil Procedure 83, which authorizes district courts, "after giving public notice and an opportunity for comment," to adopt and amend local rules.  Fed. R. Civ. P. 83(a)(1).

[8] Defendant also cites decisions from the Fifth, Tenth, and Eleventh Circuits in support of its contention that under EAJA, the time for the filing of a motion for fees would not include an appeal period when the matter concluded as the result of an agreed dismissal.  (Defendant's Response at 4, ECF No. 88.)  Because I have concluded that Plaintiff is not entitled to recover fees under EAJA, I do not believe it is necessary to consider the interplay between Local Rule 54.2 and the 30-day rule of EAJA § 2412(d)(1)(B), or whether the analysis of the Fifth, Tenth, and Eleventh Circuits should be adopted in this case.

716 F.3d 244, 255 (1st Cir. 2013) (quoting 5 U.S.C. § 552(a)(4)(E)(i)).  For purposes of FOIA's fee-shifting provision, "a complainant has substantially prevailed if the complainant has obtained relief through either – (I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial."  *Id.* § 552(a)(4)(E)(ii).

 "A decision as to whether to award attorney's fees is a matter within the sound discretion of a trial court …."  *Maynard v. C.I.A.*, 986 F.2d 547, 567 (1st Cir. 1993).  A court's exercise of discretion is "circumscribed by two generally accepted principles."  *Aronson v. U.S. Dep't of Hous. And Urban Dev.*, 866 F.2d 1, 2 (1st Cir. 1989).  First, the Court must consider whether Plaintiff substantially prevailed on his FOIA claim.  *Maynard*, 986 F.3d at 567.  Second, if the Court finds that Plaintiff substantially prevailed, the Court must consider four equitable factors: (1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law.  *Aronson*, 866 F.2d at 3.

### 1.      *Plaintiff substantially prevailed*

"In order to prove that a plaintiff substantially prevailed, a plaintiff must establish that the filing of the litigation was 'necessary' and 'had a causative effect on the disclosure of the requested information.'"  *Maynard*, 986 F.2d at 568 (quoting *Crooker v. U.S. Dep't of Justice*, 632 F.2d 916, 932 (1st Cir. 1980)).  The fact that a defendant produces documents after suit is filed is not enough to establish that the plaintiff substantially prevailed.  *Id.*  The plaintiff must also demonstrate that "litigation was necessary to obtain requested information or that the litigation caused the agency to produce the information."  *Id.*

The fact that the judgment entered without the Court addressing the merit of Plaintiff's claim is not dispositive.  As the D.C. Circuit explained, Congress expanded relief under FOIA's fee-shifting provision in 2007 by expressly authorizing fee-shifting awards in cases where there has been "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial."  *Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 525 (D.C. Cir. 2011) (citing OPEN Government Act of 2007, Pub. L. No. 110–175 (abrogating *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001))).[9]

Here, at least in part as the result of this litigation, Defendant ultimately withdrew its reliance on exemption 7(A), yet did not produce all of the requested documents.  After producing some of the documents in the investigative file, Defendant unsuccessfully moved for dismissal, asserted new exemptions as a basis for its continued withholding of the documents, and produced the remaining documents only after the Defendant produced the court-ordered *Vaughn* index.  Had Plaintiff not commenced this action, and had Defendant not continued to litigate the matter after Defendant withdrew its reliance on exemption 7(A), Plaintiff would not have obtained all of the documents that he eventually received.  Plaintiff, therefore, substantially prevailed on his claim.

---

[9] The D.C. Circuit explained:

> The strict *Buckhannon* rule drew some criticism for allowing the government to stonewall valid FOIA claims but prevent an award of attorney fees by disclosing the documents at the last moment before judgment.  An agency could simply refuse a FOIA request, wait for a lawsuit to be filed, drag its heels through the litigation process, and then release the requested documents at the last moment if the plaintiff appeared likely to win a judgment.  Agencies could force FOIA plaintiffs to incur litigation costs while simultaneously ensuring that they could never obtain the merits judgment they needed to become eligible for attorney fees.  To address this problem, Congress passed the OPEN Government Act of 2007, Pub. L. No. 110–175, which abrogated the rule of *Buckhannon* in the FOIA context and revived the possibility of FOIA fee awards in the absence of a court decree.  The Act redefined "substantially prevail[ing]" to include "obtain[ing] relief through ... a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial."  5 U.S.C. § 552(a)(4)(E)(ii).

*Brayton*, 641 F.3d at 525.

2.    *Equitable factors*

A plaintiff who substantially prevails in obtaining the requested information is not automatically entitled to recover fees under FOIA. Rather, the Court must also consider the benefit to the public, the commercial benefit to Plaintiff, the nature of Plaintiff's interest in the records, and whether Defendant's withholding of the documents had any reasonable basis in law. *Aronson*, 866 F.2d at 3. *See also Crooker v. U.S. Parole Comm'n*, 776 F.2d 366, 369 (1st Cir. 1985) (per curiam) ("One factor alone is not dispositive in considering requests for attorney's fees under the FOIA.").

a.   Public benefit.

While "[i]t is no doubt true that a successful FOIA plaintiff always acts in some degree for the benefit of the public, both by bringing the government into compliance with the language of the Act and by securing for society the benefits assumed to flow from the disclosure of government information," *Crooker*, 776 F. 2d at 367, to support an award of fees, the public benefit must be more than the general benefit the public realizes from every FOIA action. That is, the general public interest in knowing that the government has complied with FOIA is ordinarily insufficient, standing alone, to support a fee-shifting award. *Bangor Hydro-Elec. Co. v. U.S. Dep't of Interior*, 903 F. Supp. 169, 171 (D. Me. 1995). Otherwise, the public benefit analysis would be unnecessary. In this case, given that Plaintiff requested the records for his use in a personal administrative proceeding, Plaintiff's success in obtaining the documents did not serve any particular public benefit.

b.   Commercial benefit to Plaintiff.

A successful prosecution of a FOIA request that results in a commercial benefit to a plaintiff militates against an award of fees, absent a significant public benefit. *Aronson*, 866 F.2d

at 3; *Bangor Hydro-Elec. Co.*, 903 F. Supp. at 171.  Although the subject matter of the disciplinary proceeding involved Plaintiff's ability to represent claimants in social security matters, the record lacks evidence that the production of the records resulted in a commercial benefit to Plaintiff.

      c.  Plaintiff's interest in the records.

Plaintiff's interest in the records appears to be solely personal.  The absence of any non-personal interest as a motivating factor for the request militates against an award of fees.  *Cf. Moffat*, 716 F.3d at 252 ("The public interest FOIA seeks to uphold is the right of citizens to understand and obtain information about the workings of their own government.  … [T]he innocence or guilt of a particular defendant tells the Court nothing about matters of substantive law enforcement policy that are properly the subject of public concern." (citation and internal quotation marks omitted)).  *See also Davy v. C.I.A.*, 550 F.3d 1155, 1160 (D.C. Cir. 2008) ("The second and third factors, which are often considered together, assess whether a plaintiff has sufficient private incentive to seek disclosure without attorney's fees.").

      d.  Reasonableness of withholding.

The First Circuit has suggested that a district court may exercise its discretion to deny or modify an award where it finds that the government's withholding of documents "had a colorable basis in law" and was not designed "merely to avoid embarrassment or to frustrate the requester," or where the plaintiff made a poor showing on one or more of the other equitable factors. *Educ./Instruccion, Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 649 F.2d 4, 7 – 8 (1st Cir. 1981) (quoting S. Rep. No. 854, 93d Cong., 2d Sess. 19 (1974)).  Given that Plaintiff requested the records when an investigation and a disciplinary proceeding were underway, the plain language of exemption 7(A) suggests that Defendant had a reasonable basis initially to withhold the documents.  The investigation, however, closed on June 19, 2014.  While Defendant was not

immediately aware of the completion of the investigation in part because the file was in the possession of the Office of the Inspector General, Defendant's withholding of the documents and continued litigation of the exemption 7(A) issue for many months after the completion of the investigation was not reasonable.

The reasonableness of Defendant's subsequent assertion of additional bases for withholding the documents is also less than clear. Defendant's production of the documents after the denial of its motion to dismiss and after it was required to produce a *Vaughn* index of the withheld documents generates questions about the reasonableness of Defendant's decision to withhold the documents. In short, while initially Defendant had a legitimate basis to withhold the requested documents, particularly in light of Defendant's decision to produce the remaining documents before the parties were to brief the merits of Defendant's ability to rely on other exemptions, the record lacks sufficient evidence from which one could conclude that Defendant had a reasonable basis to continue to withhold documents after the investigation was complete.

e.   Balancing of factors.

In *Crooker v. U.S. Parole Commission*, 776 F.2d 366 (1st Cir. 1985), the First Circuit, noting that one factor alone is not controlling when considering a fee application under FOIA, observed: "[W]hile the criteria are intended to provide guidance and direction for courts to use in determining awards of fees, Congress made clear that such criteria are not to be used as 'airtight standards.'" *Id.* at 369.

In this case, while the lack of a public benefit is not insignificant, the fact that Plaintiff did not benefit commercially and the fact that Defendant continued to withhold documents for months after the completion of the investigation militate in favor of an award of fees for a period of time after the investigation was completed on June 19, 2014. In other words, when a party has

11

substantially prevailed in the FOIA litigation, but has not benefited commercially, and a defendant's withholding of the documents was not reasonable, an award of fees is appropriate.

Because Defendant, for legitimate reasons, was not immediately aware of the completion of the investigation, the time for which Plaintiff should recover fees should not begin with the completion of the investigation. Instead, Defendant can reasonably be expected to pay Plaintiff's fees incurred in connection with Plaintiff's successful litigation after the point where Defendant learned or could reasonably have been expected to know that it could no longer rely on exemption 7(A). Although Defendant did not identify the specific date it learned of the completion of the investigation, insofar as Defendant asserted in its brief filed on January 16, 2015, that it recently learned the investigation closed on June 19, 2014, an award for fees incurred beginning with the billing entry for Plaintiff's counsel on December 29, 2014, is reasonable.[10] Under this reasoning, the total number of attorney hours for which Plaintiff should recover is 30.

## C.      Fees under the EAJA

The EAJA provides, in relevant part, that a "prevailing party" in litigation against the United States should receive a fee-shifting award, unless the position of the United States was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Schock v. United States*, 254 F.3d 1, 5 (1st Cir. 2001). "A party's mere success in accomplishing its objectives, however, is insufficient to confer it prevailing party status." *Castaneda-Castillo v. Holder*, 723 F.3d 48, 57 (1st Cir. 2013). "To be considered a prevailing party, a party must be 'awarded some relief by the court.'" *Id.* (quoting *Buckhannon*, 532 U.S. at

---

[10] Even if Defendant was unaware of the completion of the investigation on December 29, 2014, because the investigation closed more than six months earlier, one could reasonably conclude that Defendant should have been aware of its completion by that time.

605).  Plaintiff's argument that he was awarded relief based on the Court's denial of Defendant's dispositive motions is unconvincing.  Plaintiff thus is not entitled to recover fees under the EAJA.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant in part Plaintiff's Petition for Attorney's Fees (ECF No. 87) and award Plaintiff fees in the amount of $5,701.80, and costs in the amount of $400.[11]

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of May, 2016.

---

[11] It is appropriate to apply the lodestar method to fee-shifting awards made under FOIA.  *Nkihtaqmikon v. Bureau of Indian Affairs*, 723 F. Supp. 2d 272, 277 (D. Me. 2010).  "The lodestar method entails 'multiplying the number of hours productively spent by a reasonable hourly rate.'"  *Id.* (quoting *Torres–Rivera v. O'Neill–Cancel*, 524 F.3d 331, 335 (1st Cir. 2008)).  The hourly rate requested by Plaintiff is $190.06, which rate is based on a consumer price index adjustment to the maximum statutory rate of $125 set forth in the EAJA, circa 1996.  28 U.S.C. § 2412(d)(2)(A).  Although the EAJA maximum rate does not govern an award under FOIA, it does offer a reasonable measure of the appropriate hourly rate.  Because Defendant has not objected to the requested rate, and because the rate is not unreasonable for this market, I recommend that the Court conclude that the rate is reasonable.  *See Castaneda-Castillo v. Holder*, 723 F.3d 48, 76 (1st Cir. 2013) ("Given that the government does not oppose Castaneda's request for a cost-of-living adjustment, or that said adjustment be computed based on the regional, as opposed to national, CPI, we find that Castaneda is eligible for the requested enhancement."); *Sierra Club v. Sec'y of Army*, 820 F.2d 513, 523 (1st Cir. 1987) ("[F]ederal courts remain able to augment hourly rates by considering changes in the cost of living....").  The fee award is based upon multiplying the 30 hours of time by the hourly rate of $190.06.